IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| GARY WILLIAM HOLT, and | ) |
| STEPHANIE EVE HOLT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) No. 1:116-cv-01082-JDB-egb |
| | ) |
| DON LASTER, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On April 29, 2016, pro se plaintiffs Gary and Stephanie Holt filed this Complaint against Don Laster. Plaintiffs seek to "Nullify Special Warranty Deed, for Quiet Title, for unjust enrichment, for Writ of Possession and for Declaratory and Injunctive Relief." The Complaint relates to real property at 36 Hillcrest Street, Friendship Tennessee.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints

that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d

4

338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

ANALYSIS

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant

5

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also* Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation).

Here, while Plaintiffs confuse venue and jurisdiction, it is clear that they are relying on diversity as their basis for subject-matter jurisdiction. Complaint at ¶ 16 (R.E. No. 1, Page ID 2) (citing 28 U.S.C. § 1332 as their jurisdictional basis). However, 28 U.S.C. § 1332 requires that the lawsuit be between

---

[1] See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

6

"citizens of different states." 28 U.S.C. § 1332 (a)(1). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Here, Plaintiffs' Verified Complaint identifies Tennessee as Stephanie Holt's state of residence. Complaint at pp. 18-19 (R.E. No. 1, Page ID 18-19). And Plaintiffs allege that Mr. Laster is a Tennessee resident. *Id*. at ¶ 11 (Page ID 3). Because there is not complete diversity, this Court lacks subject-matter jurisdiction and must dismiss Plaintiffs' Complaint.

To the extent Plaintiffs argue subject-matter jurisdiction based on federal question, this fails as well because of their failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiffs have failed to allege sufficient facts pursuant to *Twombly*. A RICO claim requires factual allegations establishing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Company, Inc., 473 U.S. 479, 496 (1985). Plaintiffs' failure to allege the statutory provisions that Mr. Laster allegedly violated is fatal to their RICO claim. *See Nooh v. ReconTrust Company, N.A.,* 2012 WL 1075844 at *6

7

(W.D.Tenn.). Further, Plaintiffs have not stated sufficient facts from which the Court could reasonably infer "conduct of an enterprise." Finally, Plaintiffs have failed to plead facts from which the Court could reasonably infer "a pattern of racketeering activity." Thus there is no subject matter jurisdiction based on a federal question in this case.

For all these reasons, because Plaintiffs have failed to state a claim upon which relief may be granted, the allegations are conclusory and there is no subject matter jurisdiction, the Magistrate Judge recommends that Plaintiffs' claims be dismissed in their entirety.

Respectfully Submitted this 14th day of November, 2016.

<u>s/Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**